FILED

2011 Nov-28  PM 01:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **BRIAN C. HILL,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 5:11-cv-035-CLS** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM OPINION AND ORDER

Claimant Brian Hill commenced this action on January 4, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

The ALJ found that claimant had the severe impairments of anxiety, depression, obesity, and history of back strain with low back pain.[1]   The ALJ nonetheless concluded that claimant retained

> the residual functional capacity to perform light work, sitting 1 hour at a time and 6 of 8 hours and standing/walking 1 hour at a time and 6 of 8 hours.  Mental limitations include:  moderately limited in ability to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and ability to sustains [sic] an ordinary routine without special supervision.  He has no more than slight limitation in the following: ability to remember locations and work-like procedures; understand and remember very short and simple and detailed instructions; carry out very short and simple and detailed instructions; work in coordination with or in proximity to others without being distracted by them; interact appropriately with the general public; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without distracting them or exhibiting behavioral extremes; and ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.[2]

During the administrative hearing, the ALJ asked the vocational expert to assume a hypothetical individual with that residual functional capacity.  The vocational expert testified that such an individual would be able to perform jobs existing in significant numbers in the national economy, including packager, laundry

---

[1] Tr. 26.

[2] Tr. 28-29.

sorter, and assembler.[3]  Based on that testimony, the ALJ found claimant to not be under a disability during the relevant time period.[4]

Claimant contends that the Commissioner's residual functional capacity assessment — and the resulting decision that claimant was not disabled — was not supported by substantial evidence.  For the most part, however, claimant's arguments only amount to disagreements with the ALJ's conclusions.  This court's task is not to decide whether it agrees with the ALJ, or whether the ALJ made the best decision, but simply to determine whether the ALJ's decision was supported by substantial evidence.  This court concludes that it was.  Claimant also suggests that the ALJ erred by not obtaining reports from additional consultative examiners.  However, the record clearly reflects that the Commissioner scheduled no less than three consultative examinations for claimant, but he did not show up for the appointments.  Therefore, any deficiencies in the record must be laid at claimant's feet, not the ALJ's.

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards.  Accordingly, the decision of the Commissioner is AFFIRMED.  Costs are taxed against claimant.  The Clerk is directed to close this file.

DONE this 28th day of November, 2011.

---

[3]Tr. 78-80.

[4] Tr. 32-33.

_____
United States District Judge